**PRIORITY SEND**
JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01475 VAP (DTBx)          Date:  September 20, 2011

Title:   GAP FUND LLC AND/OR IT'S SUCCESSORS, AND/OR ASSIGNEES IN INTEREST -v- ERIC JOSEPH AUBRY SR. AND TONYA AUBRY
=================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                           None Present
    Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

    None                                    None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On May 27, 2011, Plaintiff Gap Fund LLC ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Eric J. Aubry Sr. and Tony Aubry ("Defendants") in the Superior Court of California, County of San Bernardino. (Not. of Removal at 5-7.)  On August 11, 2011, Defendants removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (See Gap Fund v. Aubry, EDCV 11-01279VAP (DTBx), Doc. No. 1 at ¶ 6.)  On August 30, 2011, this Court remanded the action for lack of jurisdiction.  (See id., Doc. No. 5.)  On September 14, 2011, Defendants removed the action to this Court for the second time, asserting the same basis for removal.  (Doc. No. 1 at 3.)

EDCV 11-01475 VAP (DTBx)
GAP FUND LLC AND/OR IT'S SUCCESSORS, AND/OR ASSIGNEES IN INTEREST v. ERIC JOSEPH AUBRY SR. AND TONYA AUBRY
MINUTE ORDER of September 20, 2011

    Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

    Defendants claim removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332. (See Not. of Removal at 2-3.) Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case. Defendants do not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction. See 28 U.S.C. § 1332.

    Defendants have not met their burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.

    Additionally, this is Defendants' second attempt to remove the same case without alleging a proper basis for this Court's jurisdiction. Parties may not remove an action twice on the same basis. Seedman v. U.S. Dist. Court for Cent. Dist. of Calif., 837 F.2d 413, 414 (9th Cir. 1988) (holding a district court lacked jurisdiction where a defendant's second removal petition was based on the same ground as the prior removal); Homestead Ins. Co., Inc. v. Casden, 234 No. 05-55060, 2007 WL 1296734 (9th Cir. May 2, 2007) (same). The Court cautions Defendants that if they remove the Superior Court action to this Court again without alleging a proper basis for jurisdiction, **Defendants may be subject to sanctions**. See, e.g., Quantum

EDCV 11-01475 VAP (DTBx)
GAP FUND LLC AND/OR IT'S SUCCESSORS, AND/OR ASSIGNEES IN INTEREST v. ERIC JOSEPH AUBRY SR. AND TONYA AUBRY
MINUTE ORDER of September 20, 2011

<u>Servicing Corp. v. Castaneda</u>, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); <u>SD Coastline v. Reyes</u>, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions.").

**IT IS SO ORDERED.**